**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaimie C Hanks, et al., | No. CV-22-01973-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Winco Holdings Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Strike Plaintiffs' Expert Witness Disclosures (Doc. 31). Plaintiffs filed a response (Doc. 32), and Defendant filed a reply (Doc. 35). After considering the parties' arguments and relevant case law, the Court will grant Defendant's Motion.

**I.     BACKGROUND**

This Motion arises from the provision of Plaintiffs' expert witness disclosures. During the Rule 16 conference, the Court set the discovery deadlines, including setting the Plaintiffs' expert disclosure deadline on August 25, 2023. (Doc. 13 at 2.) The Court's subsequent Case Management Order ("CMO") confirmed this date. (*Id.*) The CMO requires that the disclosure must identify the subjects on which the witness will testify and provide a summary of the facts and opinion to which the expert will testify. (*Id.*) The CMO further requires that the disclosure "be sufficiently detailed to provide fair notice of what the expert will say at trial." (*Id.*) On August 25, 2023, Plaintiffs served six expert disclosures—all purportedly treating physicians. (Doc. 31 at 5–7.) However, Plaintiffs

have not disclosed a complete set of medical records. Defendant contends that these expert disclosures were deficient under Federal Rule of Civil Procedure 26 and the CMO, and therefore filed this Motion to strike the disclosures. (Doc. 31 at 3–4.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) provides, in relevant part:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 . . .
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *3 (D. Ariz. Feb. 13, 2013).

## III.  DISCUSSION

Defendant's Motion asks that this Court strike the disclosure of six treating physicians, arguing that Plaintiff has failed to comply with Federal Rule of Civil Procedure 26(a)(2). The Court agrees. The disclosures do not come close to satisfying Rule 26(a)(2)(C). First, the disclosure for each witness is identical but for the name and the location where the records are maintained. While each disclosure starts by saying the doctor will testify as to opinions formed in the course of treatment, the opinion is not stated. Not only do the disclosures fail to summarize any doctor's opinion—they are also completely devoid of the factual basis for any opinion. "The purpose of the Rule 26(a)(2)(C) requirement is to allow the party in receipt of the disclosure to be able to read

the disclosure and immediately be able to identify whether it needs a responsive witness and the information that such responsive witness would need to address." *Cooke*, 2013 WL 551508, at *4. No one reading these disclosures would understand what the doctors are going to testify about or if a responsive witness is needed.

In *Cooke*, the plaintiff had disclosed all his medical records before his expert disclosures. *Id.* at *4–5. The plaintiff tried to argue that the failure to properly disclose opinions was harmless because Defendants had the medical records and other documents. *Id.* at *5. The plaintiff also argued that Defendants would be able to figure out the substance of the experts' testimony by looking at the records so the failure to disclose the opinions was harmless. *Id.* The Court disagreed and said that to accept the failure to properly disclose the opinions as harmless "would virtually gut the intent and purpose of Rule 26(a)(2)(C)." *Id.* Here, Plaintiffs have never disclosed complete medical records and put the obligation on Defendants to not only obtain the records but then comb through them to speculate as to what each expert's opinion is. This is exactly what the Court in *Cooke* sought to deter because it materially increases the cost of litigation and allows litigants to manipulate the rule. *Id.*

Plaintiffs' response also fails to address the substance of Defendant's Motion but instead presents some procedural arguments for why the Motion should be denied. Substantively, Plaintiffs simply state that they disclosed all they could because that was all that was available as of the deadline. (Doc. 32 at 3–4.) That response suggests that one can sit on their obligation to prosecute one's own case with no adverse impact. *See Jones v. Town of Quartzsite*, No. CV 12-2629-PHX-LOA, 2014 WL 1668467, at *1–2 (D. Ariz. Apr. 28, 2014); *Fid. Philadelphia Tr. Co. v. Pioche Mines Consol. Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Here, Plaintiff Hanks alleged from the beginning "emotional distress with physical impact" which would require proof. (*See* Doc. 1.) Plaintiffs' counsel argues Plaintiffs should be excused from the failure to disclose the existence of treating physicians in the initial disclosures because he had trouble coordinating with Plaintiffs. (Doc. 32 at 2.) When he was able to speak with Plaintiff Hanks, she had minimal records in her

possession which were not disclosed until September 5, 2023. (*Id.* at 3.) However, Plaintiffs filed this case on November 20, 2022 and had nine months to get any medical records they needed to support their claims. Plaintiffs also agreed to a schedule which was adopted by this Court when it issued the Case Management Order on April 27, 2023. (Doc. 13.) Furthermore, Plaintiffs never asked for an extension of time to get the medical records or an extension of time for expert disclosures.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Strike Plaintiffs' Expert Witness Disclosures (Doc. 31).

Dated this 17th day of April, 2024.

Honorable Susan M. Brnovich
United States District Judge